## WILLIAM R. RANDALL *vs.* JOHN H. LAUTENBERGER.

An auctioneer in making his sale is the agent of the seller. If, without the seller's assent, he makes bids for a purchaser, his conduct is fraudulent, and the sale is not enforcible by the purchaser.

Whether, if due notice was given that the auctioneer would bid for an intending purchaser and the sale was in other respects unimpeachable, the seller would be estopped from objecting afterwards to the sale, is not decided.

BILL IN EQUITY for specific performance.

*February* 18, 1888. STINESS, J. The defendant offered his estate in the city of Providence for sale by auction. The broker whom he employed for this purpose engaged an auctioneer of Providence, named Goff, under whose authority and office the sale was to be made, the broker crying the bid. The complainant then authorized Goff to buy the property for him if it did not go

above $3,400. Goff accepted this agency for the complainant, making one or more bids in his behalf, and the property was struck off to the complainant for the sum of $3,325. The complainant now brings his bill for specific performance. The defendant claims that he made a limitation of the price for which the estate might be sold, viz., $5,000, with the broker, and that he did not understand, although he was present at the sale, that the place was to be sold unless it brought that price; also, that he supposed that the broker was the auctioneer, and that he knew nothing of the employment of Goff. The first question, however, that meets us is, whether the sale was valid; inasmuch as Goff, being the auctioneer, acted as agent for the purchaser in bidding. An auctioneer is the agent of the seller in making the sale. When, however, the property is struck off, he becomes also the agent of the purchaser to the extent of binding both parties by his memorandum of sale. Up to this point his duty is to the vendor. Bateman on Auctions, *20, *126, note (x).

It is a well settled rule that a trustee or agent cannot buy the property of his principal, because of the inconsistent relations that he would thus hold as purchaser and seller. Story on Agency, § 211; Bateman on Auctions, *125. The Supreme Court of the United States, in *Michaud* v. *Girod*, 4 How. U. S. 503, 554, quoted with approval the following statement from Sugden on Vendors, vol. 2, 14th Amer. ed. 687 : "It may be laid down as a general proposition that trustees, . . . agents, commissioners of bankrupts, assignees of bankrupts or insolvents . . . or their partners in business, solicitors to the commission, auctioneers, creditors who have been consulted as to the mode of sale, counsel, or any persons who, by being employed or concerned in the affairs of another, have acquired a knowledge of his property, are incapable of purchasing such property themselves, except under the restrictions which will shortly be mentioned. For if persons having a confidential character were permitted to avail themselves of any knowledge acquired in that capacity, they might be induced to conceal their information, and not to exercise it for the benefit of the persons relying on their integrity. The characters are inconsistent."

Sugden also states, 2 Vendors and Purchasers, 690, § 11,

" Where a person cannot purchase the estate himself, he cannot buy it as agent for another."

These rules were most carefully examined on principle and authority by Chancellor Kent in *Davone* v. *Fanning*, 2 Johns. Ch. 252. In this case a sale by a trustee at a public auction, *bonâ fide* and for a fair price, to a third person as agent for the trustee's wife, was set aside, although the wife was a *cestui que trust*, and had an interest in the estate sold. Among the cases cited was *Ex parte Bennett*, 10 Ves. Jun. 381, where a solicitor to a commission in bankruptcy made bids for a third party. The sale was set aside upon the ground that, if a trustee or agent cannot bid for himself, upon the same principle he cannot bid for another. Lord Eldon held that, although the temptation in the latter case is weaker, " that distinction is too thin to form a safe rule of justice."

In *Twining* v. *Morrice*, 2 Bro. C. C. 326, specific performance was denied where the seller's agent, at an auction sale, bid for the plaintiff.

In *Veazie* v. *Williams*, 8 How. U. S. 134, 152, Judge Woodbury expresses the opinion that to allow an auctioneer to bid for another would tend to weaken his fidelity in the execution of his duties to the owner. In *Brock* v. *Rice*, 27 Gratt. 812, the following rule is laid down : " No person employed or concerned in selling at a judicial sale is permitted to become a purchaser, or even to act as agent of a purchaser. It is impossible with good faith to combine the inconsistent capacities of seller and buyer, crier and bidder, in one and the same transaction. If the commissioner or auctioneer faithfully discharges his duties, he will, of course, honestly obtain the best price he can for the property. On the other hand, if he undertakes to become a purchaser for himself or for another, his interest and his duty alike prompt him to obtain the property on the most advantageous terms. There is an irreconcilable conflict between the two positions. And so the courts have always held."

In respect to the duty of the auctioneer, there is no distinction between a judicial and an ordinary auction sale. In this State an auctioneer is an officer elected especially for the purpose of securing fair dealing at such sales.

The only case that has come to our attention which holds that an auctioneer may bid for another is *Scott* v. *Mann*, 36 Tex. 157. The report of this case is not clear upon this point, and it is quite possible that the auctioneer took only one bid from the purchaser and made that bid at the sale ; which would be very different from bidding *gradatim* in his behalf. Taking the case, however, as it stands, we think it is overborne both by reason and authority. The reason for the rule of the cases we have cited is well illustrated in the one before us. The complainant employed the auctioneer to act as his agent at the sale, telling him that if the estate did not go over $3,400 to buy it for him. Here, then, the auctioneer knew that a person was ready and willing to give that sum. He did not make a bid for that amount ; but, identifying himself with the interest of the purchaser and against the seller, for whom he was conducting the sale, he bid below that limit and bought the estate for the complainant at the sum of $3,325. His duty was to the seller ; but, having undertaken to represent the purchaser, he yielded to an adverse interest and struck off the property, through his crier, at a less price than he knew the purchaser was willing to give, he having the control of the purchaser's bid himself. He would not have done differently had he been bidding on his own account. It makes no difference that another was acting as crier, since Goff was the legal and responsible auctioneer for the sale. Confessedly he did not perform his duty to the seller, and it was not therefore a fair sale. No doubt many auction sales have been conducted in this same way. Where due notice has been given, and the sale is otherwise unobjectionable, we do not mean to decide whether or not a party might be estopped from objecting to it on this account. But where the vendor, as in this case, does not know that his agent is acting for another, there seems to be no room for doubt that, upon learning the fact, he may disavow the sale when it is sought to be enforced. But it may be urged that, as no one increased the bid of the purchaser, no harm was done to the defendant. This is not a sufficient answer. The conduct of an auction sale is so completely in the hands of an auctioneer that it is an easy thing for him to strike off property according to his interest, even though, by further urging, other bids might be made. It is not enough to say to the seller,

" You cannot prove that I could get more." There must be no room for temptation and the hazard of abuse. Upon this ground the sales for a fair price have been set aside in some of the foregoing cases. See, also, Sugden on Vendors, 14th Amer. ed. 689, § 5, and note *s.* The burden is on the complainant, who seeks to compel a performance, to show that he fairly bought the property at a fair sale. By the unlawful conduct of the agent whom he selected, whose duty he should have known was to the defendant, he did not fairly purchase at a fair sale, and consequently he is not entitled to the relief he asks. It is unnecessary to pass upon the other questions, as to the limitation of the price, the ignorance of the defendant as to what took place, etc. The bill must be dismissed.                              *Bill dismissed with costs.*

*Ziba O. Slocum & Clarke H. Johnson,* for complainant.

*Charles H. Page & Franklin P. Owen,* for respondent.

NOTE. — Compare *Lynch* v. *Fallon,* 11 R. I. 311.